Caruthers, J.,
delivered the opinion of the Court.
Gr.eer sold his land to Davidson, who executed his two notes for $2,500 each, as the consideration. The same amount is set out in the deed as the price given. This bill is filed alleging that there was a mistake of $500, that the consideration agreed upon *385 was $4,500, and the notes should have been only for $2,250 each. The answer positively denies the charges, and insists that there was no mistake.
The general rule is, that parol evidence will not be admitted to vary, change, or reform writings; because, where there is a writing, it ought to be treated as a full and correct expression of the intent; but there is an exception, allowing this to be done in case of a mistake in drafting the instrument.— Story’s Equity J., 156.
But this relief is never granted unless the proof is entirely clear and satisfactory; the mistake alleged must be made manifest by proof, and established beyond reasonable controversy. The presumption is always in favor of the writing, and must be effectually rebutted by evidence of an accident or mistake. Meigs’ Dig., 263; 1 Story’s Eq., § 152; 9 Yer., 266; 1 Humph., 431-9.
In view of these rules and principles, the decree in this case, based upon the existence of mistake in the notes, cannot be sustained. Some circumstances, calculated to excite suspicions, or make it probable that there may have been a mistake in drawing the notes, are proved; but they are not sufficient, when taken together and compared with other facts, to satisfy our minds clearly and fully, that the writing does not contain the contract and understanding of the parties. Indeed, we think its preponderance the other, way.
The notes were written by the direction of complainant, and the amount given out to the draftsman by him; they were read over at the request of defendant, after they were signed by complainant and *386 his surety, Jordan, who was the draftsman selected by complainant. The notes were sent to defendant with a request that the alleged mistake should be corrected, a few days after the trade, but he denied that they were wrong, and to the same effect does he swear positively in his answer. It is true, that the week before the trade was consummated, the trade was agreed upon at $4,500, and a note drawn up on the application of complainant, to a third person, in the absence of defendant, for the amount. This was acknowledged to witness Hobbs and another; but that trade was not closed, and it seems that the defendant availed himself, of the advantage of competing bidders, to get more than his land was worth. There is no evidence as to the price agreed upon on the day of sale except the papers themselves, drawn up under the direction of complainant himself, nor does any thing appear in all the conversation about the sale afterwards, by the' defendant, to contradict the papers. The allegation in the bill, that a false consideration was inserted in the deed at the request of defendant, is without any proof to sustain it, and is denied in the answer.
There is surely no case made out here for alteration, change or reformation of a Writing upon the ground of mistake.
The decree will be reversed,, and ihe bill dismissed.